**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 06-4267**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASON SHERRARD JOHNSON,

Defendant - Appellant.

—————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Lacy H. Thornburg, District Judge.  (3:01-cr-00085-4)

—————

Submitted:  January 25, 2007          Decided:  January 29, 2007

—————

Before WIDENER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————

Affirmed by unpublished per curiam opinion.

—————

Paul J. Peralta, Moore & VanAllen, PLLC, Charlotte, North Carolina, for Appellant.  Jonathan A. Vogel, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Sherrard Johnson appeals the district court's revocation of his supervised release and his resulting twenty-four month sentence. Johnson's attorney filed a brief in accordance with Anders v. California, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court erred in revoking his supervised release and imposing an unreasonable sentence that did not take into account the factors in 18 U.S.C. § 3553(a). The Government did not file a responding brief, and although advised of his right to do so, Johnson did not file a pro se supplemental brief. Finding no reversible error, we affirm.

Johnson was convicted of a new crime during his supervised release which amounted to a Grade B violation under USSG § 7B1.1. Section 7B1.3(a)(1) mandates that the court "shall" revoke supervised release upon finding a Grade B violation. Because Johnson was convicted of a new crime and admitted to three other release violations, the court did not err in revoking his supervised release.

We recently held in United States v. Crudup, __ F.3d __, 2006 WL 224386 (4th Cir. Aug. 7, 2006), that we review sentences imposed upon the revocation of supervised release to determine whether the sentence is "plainly unreasonable." Johnson's sentence was within the guidelines sentencing range of 18-24 months and the

court stated a proper basis for its conclusion that Johnson be sentenced to 24 months of imprisonment. See Crudup, 2006 WL 2243586, at *5. Johnson's recidivism had been fully presented to the court and was implicit in the court's ruling. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). Because Johnson's sentence was neither procedurally nor substantively unreasonable, we find that his sentence is not plainly unreasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Johnson's conviction and sentence. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

Accordingly, we affirm the district court's determination. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the Court and argument would not aid the decisional process.

AFFIRMED